UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ZIMBALISH ANTHONY SEGURA, | § | |
| (TDCJ # 1358846) | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-09-68 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
|     Respondent. | § | |

**MEMORANDUM AND ORDER**

    The petitioner, Zimbalish Anthony Segura, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 2006 state felony conviction of aggravated sexual assault of a child. The respondent has filed a motion for summary judgment. (Docket No. 17). Segura has filed a response. (Docket No. 24). Based on careful consideration of the pleadings, the record and the applicable law, this court grants the respondent's motion and by separate order enters final judgment dismissing the case. The reasons for this ruling are set out below.

I.    Procedural History

    Segura was initially charged in the 10th District Court of Galveston County with aggravated sexual assault of a child by indictment. Specifically, Segura was charged with having sexually assaulted the 13-year-old granddaughter of his girlfriend as the girl was preparing to go swimming. Several months prior to trial, he was re-indicted for the same crime but with a prior conviction alleged for sentencing purposes. Segura pled not guilty to the charge; however, on March 21, 2006, a jury found him guilty as alleged in the indictment. Segura was sentenced to a twenty-five year term of imprisonment pursuant to an agreement with the prosecution. The First Court of Appeals of Texas affirmed the conviction on July 6, 2007. *Segura v. State*, No. 01-06-

00493-CR, 2007 WL 1953687 (Tex. App. – Houston [1st Dist.] 2007 pet. ref'd). The Texas Court of Criminal Appeals (TCCA) refused Segura's petition for discretionary review on October 10, 2007. *Segura v. State*, No. PD-1174-07 (Tex. Crim. App. 2007). On August 8, 2008, Segura filed a state application for a writ of habeas corpus collaterally attacking his conviction. *Ex parte Segura*, No. WR-71,488-01. On March 25, 2009, the TCCA denied the application without written order on the findings of the trial court. Segura filed the instant federal habeas application on May 1, 2009.

II.  Segura's Claims

Segura claims that he was denied effective assistance of trial counsel because counsel:

1. Failed to interview a prosecution witness;
2. failed to investigate the lack of medical evidence;
3. failed to consult and call an independent physician; and,
4. failed to object to the prosecutor's questions during voir dire.

III.  The Applicable Legal Standards

This Court reviews Segura's petition for writ of habeas corpus under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson,* 127 F.3d 409, 413 (5th Cir. 1997) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Subsections 2254(d)(1) and (2) of the AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an "adjudication on the merits." An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).

In ruling on a motion for summary judgment, this court views the evidence through "the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242,

254 (1986). The court must look "through the prism of AEDPA deference." *Ward v. Dretke*, 420 F.3d 479, 499 (5th Cir. 2005).

>The AEDPA provides as follows, in pertinent part:
>
>>(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>>
>>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>>
>>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>>
>>(e)
>>
>>>(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state-court decision is "contrary to" Supreme Court precedent if (1) the state court's conclusion is "opposite to that reached by the [the Supreme Court] on a question of law" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court

precedent" and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362 (2000). A state court unreasonably applies Supreme Court precedent if: (1) it unreasonably applies the correct legal rule to the facts of a particular case; or (2) it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*. at 390-91. In deciding whether a state court's application was unreasonable, this court considers whether the application was "objectively unreasonable." *Id.*; *Penry v. Johnson*, 215 F.3d 504, 509 (5th Cir. 2000). Fact findings by the state court are "presumed to be correct . . . and [receive] deference . . . unless . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Hill*, 210 F.3d at 485 (quoting U.S.C. § 2254(d)(2)).

Pure questions of fact are governed by § 2254(d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). In addition, a state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1) unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure relating to summary judgment applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) - which mandates that findings of fact made by a state court are "presumed to be correct"- overrides the ordinary

Case 3:09-cv-00068   Document 25   Filed in TXSD on 01/29/10   Page 5 of 11

rule that in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.  Unless the petitioner can "rebut [ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct.  *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002).

Segura is a *pro se* petitioner.  In this circuit, *pro se* habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers.  *See Martin v. Maxey*, 98 F.3d 844, 847 n. 4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988).  This court accords Segura's state and federal habeas petitions a broad interpretation.  *Bledsoe v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

IV.     Ineffective Assistance of Counsel

To successfully state a claim of ineffective assistance of counsel under Supreme Court precedent, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense.  See *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective.  *Id*. at 696.  The Court may address the prongs in any order.  *Smith v. Robbins*, 528 U.S. 259, 286  n. 14 (2000).

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance."  *Strickland*, 466 U.S. at 689.  Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."  *Id.* at 691.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

A reasonable probability is a probability sufficient to undermine confidence in the outcome. *id*. at 694. In the context of ineffective assistance of trial counsel, the prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n. 17 (2000). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. Petitioners must "affirmatively prove prejudice." *Id*. at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

    A.    <u>Failure to interview a prosecution witness and investigate the lack of medical evidence</u>

Segura claims that counsel failed to interview the examining nurse prior to trial and, as a result, failed to effectively cross-examine the witness. He also alleges that counsel failed to investigate the lack of medical evidence indicating that the victim had been sexually assaulted.

At the state habeas level, petitioner's trial counsel submitted an affidavit. *Ex parte Segura*, WR-71,488-01 at 161-168. The affidavit specifically addresses Segura's claims that counsel failed to interview the examining nurse prior to trial and failed to investigate the lack of medical evidence against Segura. It then lists and explains every step taken by counsel in preparation of Segura's defense. Counsel reviewed the medical records from UTMB related to the victim's examination. For over eight months prior to trial he made multiple visits to the District Attorney's office to review the State's file and record notes, which are included in the affidavit. After his investigation, counsel determined that there was no question that the case

against Segura was "a case of a single child witness." His investigation revealed no other witnesses to the alleged sexual contact; there was no physical evidence of alleged sexual contact; and, there was no medical evidence of alleged sexual contact. Moreover, at trial, the nurse's testimony was entirely consistent with findings made by counsel during his investigation. Counsel also cross-examined the nurse, who testified that there was no trauma to the victim's genital area and, based on the physical examination, she could not say that the victim had been sexually assaulted.

The state habeas court found that there was no necessity for a fact finding hearing because there was ample evidence from counsel's affidavit to rule on the relief sought. The court found that representations made in counsel's affidavit were correct and that there were no controverted, previously unresolved facts or issues that would entitle Segura to relief. The state habeas court then concluded that Segura's claim had no legal merit. Based on these findings, this ineffective assistance of counsel claim was denied at the state level. Segura has not shown that the state court's decision is an unreasonable application of the *Strickland* standard.

First, Segura has not overcome the "strong presumption" that counsel's conduct was not deficient. *See Strickland*, 466 U.S. at 689. The record shows that counsel sought out, examined and was fully knowledgeable about all medical evidence relevant to the case. His investigation revealed that there was no physical or medical evidence showing that the victim had been sexually assaulted. Furthermore, the trial record reveals that on cross-examination of the nurse, counsel was able to elicit an admission that no physical or medical evidence indicated that the victim had been sexually assaulted. The record supports the trial court's finding that counsel fully investigated the case and was not deficient. Moreover, Segura has failed to show prejudice and has not shown a reasonable probability that he would not have been convicted of sexual

assault had the nurse been interviewed prior to trial. Petitioner's first two claims of ineffective assistance of counsel are without merit.

      B.      <u>Failure to consult with or call an independent physician</u>

Segura alleges that counsel failed to consult "with any physician concerning the significance of the lack of medical evidence in the case, or to educate himself on sexual abuse cases," which would have "enhanced his ability to mount an effective cross-examination." Specifically, Segura believes that another physician could have testified that genitalia did not always heal within two days and that scarring could be present for up to twelve days after an assault.

Complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because assertions about what a witness would have stated are speculative. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). To prevail on such a claim, petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness' proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id*. As correctly stated by respondent, the failure to produce an affidavit from the uncalled witness is generally fatal to allegations of ineffective assistance in this context. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983).

Segura has wholly failed to meet any of the elements discussed above. He offers nothing other than his own opinion about counsel's knowledge of sexual abuse or the relevance that having "enhanced" knowledge would have had in counsel's conviction that "there was no testimony that could change the fact that there was no medical evidence supporting sexual assault." Segura was clearly not prejudiced by counsel's failure to call an expert professional --

any expert testimony would not have changed the fact that no evidence of sexual assault was found.  This claim of ineffective assistance of counsel is without merit.

        C.        <u>Failure to object to the prosecutor's questioning during voir dire</u>

Segura complains that counsel was deficient during jury selection because he failed to object during voir dire to the State's hypothetical question of the venire, which caused the jurors to develop a "fixed opinion" based on the hypothetical and not on the evidence presented at trial. During voir dire, the State asked a hypothetical question to determine whether each juror could comply with the "one witness" rule. Under the Texas "one-witness" rule, a conviction can be supported with the uncorroborated testimony of one witness who is not an accomplice as long as the jury believes that witness beyond a reasonable doubt.  A prospective juror may be challenged for cause if he indicates that he could not convict on the testimony of only one witness whom he believed beyond a reasonable doubt.  *See Lee v. State*, 206 S.W. 3d 620, 623 (Tex. Crim. App. 2006).

The State's hypothetical involved a 16- year-old girl who was jogging on the beach when she was sexually assaulted.  The State then asked each venire member whether they could, if they believed the testimony of the 16-year-old girl beyond a reasonable doubt, convict based only on the testimony of one witness.  Segura argues that because counsel failed to object to the prosecution's question, error was not preserved and the issue was not addressed on appeal.

It is proper during voir dire to pose hypothetical situations to determine prospective jurors' views of issues particular to the case being tried, but it is improper to force the venire members to commit to a verdict based upon facts in a hypothetical case that are peculiar to the facts being tried.  *See, e.g., Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). The State's hypothetical was almost identical to that in *Lee,* where venire members were asked, one-by-one,

whether they could convict based on the victim's testimony or whether other evidence would be required. *Lee*, 206 S.W. 3d at 621. In *Lee*, the Texas Court of Criminal Appeals found the question proper and affirmed the conviction. *Id*. at 624. The hypotheticals presented and questions asked in *Lee* and in this case are almost indistinguishable. The State's questions to the jury panel related to their view and ability to follow the "one-witness" rule, not to whether they would find the defendant in the hypothetical guilty. The question posed by the prosecution was permissible and petitioner's attorney recognized this. Counsel had no basis to object to or challenge the question. The state habeas court found counsel's decision regarding this issue to be correct. Segura has failed to show that there is a reasonable probability that his case would have been overturned on appeal had counsel lodged an objection. Segura cannot show that counsel's actions in failing to preserve this "error" were prejudicial. He has failed to show ineffective assistance of counsel for failing to object during voir dire.

V.     Conclusion

It is **ORDERED** that respondent's Motion for Summary Judgment is **GRANTED.** The petition for a writ of habeas corpus (Docket No. 1) is **DENIED**, and this case is **DISMISSED** with prejudice. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a

jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

Because Segura has not made the necessary showing, this Court will not issue a COA.

SIGNED at Houston, Texas this 29th day of January, 2010.

_____
Kenneth M. Hoyt
United States District Judge